UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00150-MR

| SHELBY REID LENTZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| BRANDESHAWN HARRIS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.    BACKGROUND**

Pro se Plaintiff Shelby Reid Lentz ("Plaintiff") is a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. He filed this action on October 17, 2022, pursuant to 42 U.S.C. § 1983, against the following Defendants: (1) Brandeshawn Harris, identified as the North Carolina Department of Public Safety (NCDPS) Interim Commissioner of Prisons; (2) Betty Brown, identified as the Director of Chaplaincy Services; (3) Kimberly Grande, identified as the Executive Director of the Inmate Grievance Resolution Board; and (4)

Marcus Hovis, identified as "Regional Chaplain Western Region," in their individual and official capacities. [Doc. 1 at 1-3]. Plaintiff alleges the following:

> I am a Sunni Muslim member of the Salafi/Salafee reform and revival movement. I am required by my faith to fully adhere to the Sunnah of Prophet Muhammed (SAW). I am not permited to wear a Turban as ordered in the Haditha. The NCDPS only allow Muslims to wear a Kufi which is a Bid'ah (innovation).

[Id. at 5]. Plaintiff also filed grievance records and documents evidencing his various requests for permission and accommodation to wear a turban as Exhibits to his Complaint. [See Doc. 1-3]. These records reflect that Plaintiff has requested and been denied Religious Accommodation to possess and wear a black or white turban multiple times. [Id.]. In one response, Plaintiff was advised that "[i]t would be much easier to just switch religions to Sikhism to get the turban that is already approved" for that religion. [Id. at 3]. Defendants Grande, Brown, and Hovis were involved in Plaintiff's requests for religious accommodation. [See Doc. 1-3 at 8, 13, 14]. Plaintiff's Complaint Exhibits support Plaintiff's allegation that NCDPS policy prohibits Plaintiff, as a Sunni Muslim, from possessing and wearing a turban. [See Doc. 1-3].

Although Plaintiff makes no allegations specific to Defendant Harris, the Court infers for the sake of initial review that Plaintiff named Defendant

2

Case 5:22-cv-00150-MR   Document 9   Filed 11/29/22   Page 2 of 8

Harris based on the duties and responsibility presumably incident to Harris' current position as Interim Commissioner of Prisons. [See Doc. 1 at 2].

Plaintiff claims that Defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, by denying his requests to be allowed to possess and wear a turban, as required to practice his religion. [Id. at 3, 5].

For injuries, Plaintiff alleges he has suffered a substantial burden on his religious exercise. [Id. at 5]. For relief, Plaintiff seeks an injunction requiring the NCDPS to allow him to wear a turban. Plaintiff also requests declaratory relief and that the Court "provide damages as [it] deems fit." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint

raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here alleges that his rights under the First Amendment and the RLUIPA were violated by Defendants.

### A. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities

cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims to the extent he seeks money damages, therefore, do not survive initial review and will be dismissed. See Ex Parte Young, 28 S. Ct. 441 (1908) (generally allowing claims for prospective injunctive relief against the State).

**B. First Amendment**

The Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989).

Here, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment

5

Case 5:22-cv-00150-MR   Document 9   Filed 11/29/22   Page 5 of 8

claim is not clearly frivolous.

## C. RLUIPA

RLUIPA provides, in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005).

"The protections of § 2000cc-1(a) apply whenever a 'substantial burden is imposed in a program or activity that receives Federal financial assistance' or whenever a 'substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes." Rendleman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (quoting 42 U.S.C. § 2000c-1(b)(1), (2)). The RLUIPA, however, authorizes only injunctive relief, not money damages. Turner v. Clelland, No. 1:15CV947, 2016 WL 6997500, at *15 (M.D.N.C. Nov. 30,

2016) (citing Wall v. Wade, 741 492, 496 n.5 (4th Cir. 2014)).

Plaintiff's RLUIPA claim fails initial review. Plaintiff has not alleged that the NCDPS receives federal financial assistance, thus subjecting it to the RLUIPA's protections. Plaintiff, therefore, has failed to state a claim under the RLUIPA and this claim will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's First Amendment claim survives initial review as to all Defendants. Plaintiff's RLUIPA claim and any claim for money damages that Plaintiff purports to bring against Defendants in their official capacities, however, will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's First Amendment claim passes initial review as to all Defendants in their individual and official capacities.

**IT IS FURTHER ORDERED** that Plaintiff's RLUIPA claim is **DISMISSED without prejudice** and Plaintiff's claim for money damages against Defendants in their official capacities is **DISMISSED with prejudice.**

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for all Defendants, who are alleged to be current or former employees of NCDPS.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: November 28, 2022

Martin Reidinger
Chief United States District Judge

8

Case 5:22-cv-00150-MR   Document 9   Filed 11/29/22   Page 8 of 8