UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00150-MR

| SHELBY REID LENTZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| BRANDESHAWN HARRIS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on its own motion.

On January 30, 2023, the North Carolina Department of Public Safety (NCDPS) filed a document under seal indicating it was unable to procure a waiver of service for Defendant Betty Brown for the reasons stated in that document. [Doc. 16]. The sealed document provides the last known address for Defendant Brown. [See id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule

4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that a request for waiver of service was submitted to the NCDPS, no waiver from Defendant Brown was obtained. As such, it does not appear that this Defendant actually ever received service of process. With the additional information supplied for service on Defendant Brown, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on this Defendant in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 16 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Brown.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court issue a redacted Summons for Defendant Betty Brown and send a copy of this

Order, the redacted Summons, the Complaint [Doc. 1], and Docket No. 16 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Brown in accordance with Rule 4.

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge